Leroy BACCHUS, Petitioner–Appellant,

v.

John ASCHCROFT, Attorney General, U.S. Department of Justice; James Ziglar, Commissioner, Immigration and Naturalization Service; Edward McElroy, New York District Director; Christine G. Davis, New Orleans District Director; Immigration and Naturalization Service, Respondents–Appellees.

No. 02–2624.

United States Court of Appeals, Second Circuit.

Oct. 28, 2003.

Leroy Bacchus, Oakdale, LA, for Appellant, pro se.

Steven J. Kim, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present: OAKES, NEWMAN, and POOLER, Circuit Judges.

## SUMMARY ORDER

Leroy Bacchus appeals from a judgment of the District Court for the Eastern District of New York that denied his 28 U.S.C. § 2241 application for a writ of habeas corpus and vacated a prior stay of deportation.

Bacchus, a native and citizen of St. Vincent and the Grenadines who entered the United States on November 2, 1968, as a lawful permanent resident, challenges a Bureau of Immigration Appeals order directing his removal from the United States and finding him ineligible for discretionary relief based on his October 1989 conviction for sexual abuse in the first degree, sexual abuse in the second degree, endangering the welfare of a minor, and sodomy in the second degree. His conviction was based on an incident that occurred in August 1988. We assume the reader's familiarity with the facts, procedural context, and specification of appellate issues.

Bacchus principally argues that the order to deport him as well as the determination that he was ineligible for discretionary relief from deportation can only be sustained by the impermissibly retroactive application of various statutes. We disagree. An alien convicted of an aggravated felony at any time after admission is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of an aggravated felony is supplied by 8 U.S.C. § 1101(a)(43), and its application to crimes committed before the enactment of any of the statutes at issue on this appeal poses no retroactivity concerns. *See Kuhali v. Reno,* 266 F.3d 93, 110–12 (2d Cir.2001). Because Bacchus was convicted of sexual abuse of a minor and did not plead guilty, the statutory provisions denying discretionary relief from removal for a person convicted of sexual abuse of a minor, 8 U.S.C. §§ 1101(a)(43)(A) and 1229b(b)(1)(C), apply and are not impermissibly retroactive. *See Theodoropoulos v. INS,* 313 F.3d 732, 737–40 (2d Cir.2002).

Bacchus also argues that he was impermissibly subjected to indefinite detention as a result of the INS's imposition of excessive bail. Because Bacchus has not shown "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas v. Davis,* 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), there is no basis for his claim.

We have considered all of Bacchus's remaining arguments and found that they either have been waived or lack merit. We therefore affirm the judgment of the district court.